## UNITED STATES v. 8 CARTONS, MORE OR LESS, MOLASSES, etc.

No. 4813.

United States District Court
W. D. New York.

April 14, 1951.

314

Nixon, Hargrave, Middleton & Devans, Rochester, N. Y., (Patrick H. Sullivan, New York City, W. Clyde O'Brien, Rochester, N. Y., of counsel), for claimant.

George L. Grobe, U. S. Atty., Buffalo, N. Y., (Henry W. Killoon, Jr., Asst. U. S. Atty., Buffalo, N. Y., Joseph L. Maguire, Washington, D. C., of counsel), for libellant.

BURKE, District Judge.

The government filed a libel of information asking seizure and condemnation under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 301 et seq. of a certain quantity of "Plantation" blackstrap molasses, packed by Allied Molasses Co., Inc., and certain copies of a book entitled "Look Younger, Live Longer" by Gayelord Hauser. The libel alleges in substance that the "Plantation" molasses and copies of the book "Look Younger, Live Longer" were shipped via the same carrier on or about November 30, December 7, 14 and 21, 1950 and January 11, 1951, from Nature Food Centres, Inc., Boston, Massachusetts to Rochester, New York, and that the molasses was misbranded when introduced into, while in, and while held for sale after shipment in interstate commerce, within the meaning of Sections 343(a) and 352(a) of Title 21 U.S.C.A. in that the book accompanied the molasses and thus constituted false and misleading labeling. A quantity of the molasses and a number of copies of the book were seized by the United States Marshal at a retail store owned and operated by Rochester Natural Food Store, Inc. on March 6, 1951, under a warrant issued by this court pursuant to the libel.

Farrar, Straus and Young, Inc. has filed a claim to the seized copies of the book alleging that it is the publisher and bona fide owner of the books. It moves here for an order, pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S. C.A., dismissing the libel in so far as it relates to the seized copies of the book, on the ground that the libel in so far as it relates to the books, fails to state a claim upon which relief can be granted under the Act in that the book did not and does not constitute "labeling", within the meaning of the Act.

The seizure was based upon Section 334 (a) of Title 21 U.S.C.A. which provides: "Any article of food, drug, * * * that is * * * misbranded when introduced into or while in interstate commerce or while held for sale * * * after shipment in interstate commerce, * * * shall be liable to be proceeded against while in interstate commerce, or at any time thereafter, on libel of information and condemned in any district court of the United States within the jurisdiction of which the article is found: * * *."

The claim that the molasses was misbranded is based on the ground that the book constituted "labeling". This is based on the assertion that copies of the book and a quantity of the molasses were shipped simultaneously from a Boston wholesaler to Rochester via the same carrier, and thus that the statements of the author contained in the book regarding blackstrap molasses accompanied the molasses so as to constitute the book "labeling" of the product, and that such statements are false and misleading since the article is not capable of fulfilling the promises of benefit made for it and is not effective for the purposes stated or implied.

Molasses is a dark colored viscid syrup which drains from sugar in the process of manufacture. The seizure involved molasses packed for sale in pint and quart jars. The pint jars had a selling price of 29¢, the quart jars 49¢.

"Look Younger, Live Longer" is a full-length book containing 383 pages. It was first published in February, 1950. It has had 16 printings, totaling 340,000 copies.

It is currently on the best seller list and has been since February, 1950. It has had a wide distribution and sale in book stores, department stores, health food stores and numerous other retail outlets. The book discusses the merits and uses of many foods, drugs and cosmetics generally, including blackstrap molasses. It does not mention "Plantation" blackstrap molasses or any other food, drug, device or cosmetic by trade mark or brand name. It advertises no products. The publisher is engaged solely in the business of publishing books. It has no connection with any manufacturer, processor, packer or seller of food, nor does the libel make any claim that it has, other than such as might be implied from the claim that the statements contained in the book regarding the blackstrap molasses constituted "labeling" of the product.

The motion involves the interpretation of the meaning of "labeling" as used in the Act. Section 343(a) provides that a food shall be deemed to be misbranded if its "labeling" is false or misleading in any particular. Section 321(m) defines "labeling" to mean " * * * all labels and other written, printed, or graphic matter (1) upon any article or any of its containers or wrappers, or (2) accompanying such article."

The circumstance of simultaneous shipment of written, printed, or graphic matter with an article of food, or drug via the same carrier, without more, does not constitute the written, printed, or graphic matter "labeling" of the product. It must have some relation to the food or drug. Otherwise an allegation of mere physical accompaniment in an interstate shipment would be enough to draw into the condemnation of the statute written, printed, or graphic matter wholly unrelated to the article claimed to be misbranded. Nor is the circumstance that written, printed, or graphic matter alleged to be "labeling", did not physically accompany the article in shipment, sufficient to establish that it is not "labeling", within the meaning of the Act, so long as "they were parts of an integrated distribution program." Kordel v. United States, 335 U.S. 345, 350, 69 S.Ct. 106, 93 L.Ed. 52.

"Look Younger, Live Longer" is a publication entirely independent in authorship and unrelated to the enterprise of marketing "Plantation" blackstrap molasses. It had attained wide acceptance as a publication long before the alleged violation in question. It had been generally sold in retail stores where books are usually sold. It was a legitimate publication for bona fide sale even in a food store. There is no claim in the libel that the selling price of $3 per copy was a fictitious selling price nor any claim that a purchaser of "Plantation" blackstrap molasses could get it for less than $3 per copy with a purchase of a pint jar for 29¢ or a quart jar for 49¢. It was not an "easy device of a 'sale' of the advertising" to circumvent the Act as in Kordel. 335 U.S. at page 350, 69 S.Ct. at page 110.

But, the government says the allegations of the libel must be accepted as true for purposes of this motion and so, counsel argues, the allegation that the book served to misbrand the article while it was being held for sale after shipment in interstate commerce, must be accepted as true. That allegation is nothing more than a legal conclusion. The question presented here is whether the allegations of fact, not legal conclusions, are sufficient to support the seizure. The question whether the use to which the book was put in connection with marketing the molasses, while held for sale after shipment, constitutes "labeling" is not here for determination, because the libel contains no allegations respecting such use. The seizure of the books rests on the naked claim that the molasses was misbranded because it was simultaneously shipped with the books in interstate commerce via the same carrier.

There are no allegations of fact in the libel amounting to functional interdependence of the article and the books, so as to constitute the books "labeling" under the Act.

The libel in so far as it relates to the book "Look Younger, Live Longer'" should be dismissed and the seizure of the books vacated.